**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ROBIN ALDRICH,
Plaintiff,
v.

BOYSVILLE OF MICHIGAN, INC., a Michigan corporation, doing business as HOLY CROSS CHILDREN'S SERVICES,

Defendant.
______________________________________/

Case No.:

Hon.

Richard N. LaFlamme P32641
LaFlamme & Mauldin, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net
______________________________________/

## COMPLAINT AND JURY DEMAND

Plaintiff, Robin Aldrich, by her attorneys, LaFlamme & Mauldin, P.C., says as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the anti-discrimination and anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), 42 USC § 12117 and 42 USC § 12203, and by the Family and Medical Leave Act of 1993, 29 USC §2617(a)(2) (the "FMLA").

2. This Court's supplemental jurisdiction is invoked for violations of the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL § 37.1201 et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL §37.2101 et seq.

3. The actions alleged to be unlawful were committed within the jurisdiction of the

United States District Court for the Eastern District of Michigan.

## PARTIES

4. Plaintiff, Robin Aldrich, is a female citizen of the United States, and a resident of the State of Michigan.

5. At all relevant times, Defendant, Boysville of Michigan, Inc., doing business under the assumed name, Holy Cross Children's Services, has continuously conducted business in the State of Michigan, County of Lenawee, and has continuously had at least 50 employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to the institution of this lawsuit, Plaintiff filed a timely administrative claim jointly with the EEOC and the Michigan Department of Civil Rights, and received a right to sue notice, a copy of which is attached as Exhibit A to this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant from January 13, 1997, to November 4, 2008, and was working in Defendant's Information System Department at the time her employment was terminated.

8. Throughout her employment Plaintiff performed her duties in a manner that met or exceeded all reasonable requirements of her position.

9. Throughout her employment Plaintiff was overweight and had a congenital foot condition that made walking or standing for any significant time extremely painful.

10. Although Plaintiff's weight and foot condition did not materially interfere with the performance of her duties, since her position was primarily sedentary, Plaintiff believes that Defendant perceived her as being disabled due to her weight and/or her foot condition.

11. Early in 2008 Defendant hired a new Chief Financial Officer who took an immediate dislike to Plaintiff.

12. Because of derogatory comments made by the CFO concerning Plaintiff's weight and the look of disgust on his face whenever he addressed her, Plaintiff believes that one of the reasons that the CFO disliked her is her weight.

13. From May 23, 2008, until August 4, 2008, Plaintiff was on an approved FMLA leave of absence due to the first of several planned reconstructive surgeries that were required to correct her congenital foot condition.

14. Upon returning to work from her protected FMLA absence, Plaintiff immediately began to feel that she was being punished by the CFO for being absent from work for her foot surgery and for being overweight.

15. The punishment Plaintiff felt included the disrespectful manner in which the CFO treated her, his looks of disgust and contempt, unfair criticisms of her performance, unfair and discriminatory scrutiny of her work breaks and falsely accusing her of reporting late for work.

16. Plaintiff complained to Defendant that the treatment she was receiving from the CFO was discriminatory.

17. After Plaintiff complained about the discriminatory treatment she was permanently laid off from her position.

18. After her layoff Plaintiff was initially informed that she would be eligible to work in other positions for Defendant that became available, but despite requesting other positions, Plaintiff was not allowed to fill any other positions, even though she was qualified for such positions.

19. Plaintiff is informed and believes that the adverse employment actions she

experienced, as alleged in paragraphs 14, 15, 17 and 18, were intentional, were done with malice or with reckless indifference to Plaintiff's rights, and were taken because she was perceived by Defendant as disabled due to her weight and/or her congenital foot condition, because of her weight, because of her job-protected FMLA leave of absence and because she complained about discrimination.

20. As a direct and proximate result of the adverse employment actions recited above, Plaintiff has suffered and continues to suffer damages in the nature of lost wages and benefits and has experienced emotional distress, embarrassment and humiliation.

**COUNT I**

(ADA Discrimination Claim)

21. Plaintiff repeats the preceding allegations.

22. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Defendant's perception that Plaintiff is disabled, Defendant has engaged in unlawful employment discrimination in violation of 42 USC §12112.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and

future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**COUNT II**

(ADA Retaliation Claim)

23. Plaintiff repeats the preceding allegations.

24. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of ADA discrimination, Defendant has engaged in unlawful employment discrimination in violation of 42 USC §12203.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT III

(PDCRA Discrimination Claim)

25. Plaintiff repeats the preceding allegations.

26. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's perceived disabilities (weight and foot condition), Defendant has engaged in unlawful employment discrimination in violation of MCL §37.1202.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**COUNT IV**

(PDCRA Retaliation Claim)

27. Plaintiff repeats the preceding allegations.

28. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of PDCRA discrimination, Defendant has engaged in unlawful employment discrimination in violation of MCL §37.1602.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT V

(ELCRA Discrimination Claim)

29. Plaintiff repeats the preceding allegations.

30. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's weight, Defendant has engaged in unlawful employment discrimination in violation of MCL §37.2202.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

## COUNT VI

(ELCRA Retaliation Claim)

31. Plaintiff repeats the preceding allegations.

32. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of ELCRA discrimination, Defendant has engaged in unlawful employment discrimination in violation of MCL §37.2701.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**Count VII**

(FMLA Claim)

33. Plaintiff repeats the preceding allegations.

34. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's exercise of her right to a take job protected FMLA leave, Defendant has engaged in unlawful employment discrimination and/or retaliation in violation of Section 105 (a)(2) of the FMLA, 29 USC §2615(a)(2).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her complaint.

Respectfully Submitted,

September 2, 2010

/S/ Richard N. LaFlamme

Richard N. LaFlamme
LaFlamme & Mauldin, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net