UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

ROBIN ALDRICH,

Plaintiff,

Case No. 2:10-cv-13515-AC

-v-

Hon. Avern Cohn

BOYSVILLE OF MICHIGAN, INC., a Michigan corporation, doing business as HOLY CROSS CHILDREN'S SERVICES,

Defendant.

_______________________________________/

LaFLAMME & MAULDIN, P.C.
By: Richard N. LaFlamme (P32641)
2540 Spring Arbor Road
Jackson, MI 49203
(517) 784-9122
Attorneys for Plaintiff
rlaflamme@lm-law.net

BODMAN LLP
By: Karen L. Piper (P31706)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6025
Attorneys for Defendant
kpiper@bodmanllp.com

_______________________________________/

## ANSWER TO COMPLAINT

Boysville of Michigan d/b/a Holy Cross Children's Services by its attorneys Bodman LLP in answer to plaintiff's complaint says:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to the anti-discrimination and anti-retaliation provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117 and 42 U.S.C.

§ 12203, and by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2617(a)(2) (the "FMLA").

**ANSWER: Defendant does not contest plaintiff's statement of jurisdiction.**

2. This Court's supplemental jurisdiction is invoked for violations of the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. § 37.1201 et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 et seq.

**ANSWER: Defendant does not contest plaintiff's statement of supplemental jurisdiction.**

3. The actions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

**ANSWER: Defendant denies any unlawful acts but does not contest plaintiff's statement of venue.**

## PARTIES

4. Plaintiff, Robin Aldrich, is a female citizen of the United States, and a resident of the State of Michigan.

**ANSWER: Admitted on information and belief, as of plaintiff's last day of employment with defendant, that plaintiff's name is Emma Aldrich, and she is a female citizen of the United States and resident of the State of Michigan.**

5. At all relevant times, Defendant, Boysville of Michigan, Inc., doing business under the assumed name, Holy Cross Children's Services, has continuously conducted business in the State of Michigan, County of Lenawee, and has continuously had at least 50 employees.

**ANSWER: Admitted.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to the institution of this lawsuit, Plaintiff filed a timely administrative claim jointly with the EEOC and the Michigan Department of Civil Rights, and received a right to sue notice, a copy of which is attached as Exhibit A to this Complaint. All conditions precedent to the institution of the lawsuit have been fulfilled.

**ANSWER: Defendant does not dispute that plaintiff filed charges of discrimination with the EEOC and Michigan Department of Civil Rights and received a right to sue notice. Defendant denies any illegal discrimination.**

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant from January 13, 1997, to November 4, 2008, and was working in Defendant's Information System Department at the time her employment was terminated.

**ANSWER: Admitted that plaintiff was hired on January 13, 1997 and, at times, worked in defendant's Information System Department. The averments not specifically admitted herein are denied.**

8. Throughout her employment Plaintiff performed her duties in a manner that met or exceeded all reasonable requirements of her position.

**ANSWER: Admitted that at times plaintiff performed her duties in a manner that met or exceeded defendant's expectations. At other times she did not.**

9. Throughout her employment Plaintiff was overweight and had a congenital foot condition that made walking or standing for any significant time extremely painful.

**ANSWER: Admitted that plaintiff appeared to be overweight during her employment. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 not specifically admitted herein.**

10. Although Plaintiff's weight and foot condition did not materially interfere with the performance of her duties, since her position was primarily sedentary, Plaintiff believes that Defendant perceived her as being disabled due to her weight and/or her foot condition.

**ANSWER: Admitted that at times plaintiff's job was primarily sedentary. At times, it was not. Denied that defendant perceived plaintiff as disabled due to her weight and/or an undisclosed foot condition.**

11. Early in 2008 Defendant hired a new Chief Financial Officer who took an immediate dislike to Plaintiff.

**ANSWER: Admitted that defendant hired a new CFO in early 2008. The averments not specifically admitted herein are denied.**

12. Because of derogatory comments made by the CFO concerning Plaintiff's weight and the look of disgust on his face whenever he addressed her, Plaintiff believes that one of the reasons that the CFO disliked her is her weight.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments as to plaintiff's belief. The averments not specifically mentioned herein are denied. By way of further answer, defendant denies that the CFO made derogatory comments about plaintiff's weight and/or looked with disgust at plaintiff.**

13. From May 23, 2008, until August 4, 2008, Plaintiff was on an approved FMLA leave of absence due to the first of several planned reconstructive surgeries that were required to correct her congenital foot condition.

**ANSWER: Admitted that plaintiff was on an approved leave of absence from May 23, 2008 to August 4, 2008 for foot surgery. Defendant is without knowledge as to plaintiff having a congenital foot condition or plans for reconstructive surgery.**

14. Upon returning to work from her protected FMLA absence, Plaintiff immediately began to feel that she was being punished by the CFO for being absent from work for her foot surgery and for being overweight.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to how plaintiff felt. Defendant denies that she was punished by the CFO for being absent and for being overweight.**

15. The punishment Plaintiff felt included the disrespectful manner in which the CFO treated her, his looks of disgust and contempt, unfair criticisms of her performance, unfair and discriminatory scrutiny of her work breaks and falsely accusing her of reporting late for work.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to how plaintiff felt. Defendant denies that the CFO treated her disrespectfully, looked upon her or at her with disgust and contempt, unfairly criticized her performance, unfairly scrutinized her work breaks or falsely accused her of reporting late for work.**

16. Plaintiff complained to Defendant that the treatment she was receiving from the CFO was discriminatory.

**ANSWER: Denied.**

17. After Plaintiff complained about the discriminatory treatment she was permanently laid off from her position.

**ANSWER: Denied.**

18. After her layoff Plaintiff was initially informed that she would be eligible to work in other positions for Defendant that became available, but despite requesting other positions, Plaintiff was not allowed to fill any other positions, even though she was qualified for such positions.

**ANSWER: Admitted that plaintiff was offered the same or better opportunities for other positions at Holy Cross. Denied that plaintiff was not allowed to fill other positions. In further answer, plaintiff was offered and accepted work in two other positions but failed to report to work in either.**

19. Plaintiff is informed and believes that the adverse employment actions she experienced, as alleged in paragraphs 14, 15, 17 and 18, were intentional, were done with malice or with reckless indifference to Plaintiff's rights, and were taken because she was perceived by Defendant as disabled due to her weight and/or her congenital foot condition, because of her weight, because of her job-protected FMLA leave of absence and because she complained about discrimination.

**ANSWER: Defendant is without knowledge or information as to what plaintiff was informed or believed but denies that any adverse employment action was done with malice or because of disability or perceived disability or weight or FMLA leave or complaining of discrimination.**

20. As a direct and proximate result of the adverse employment actions recited above, Plaintiff has suffered and continues to suffer damages in the nature of lost wages and benefits and has experienced emotional distress, embarrassment and humiliation.

**ANSWER: Denied.**

## COUNT I
## (ADA Discrimination Claim)

21. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-20.**

22. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Defendant's perception that Plaintiff is disabled, Defendant has engaged in unlawful employment discrimination in violation of 42 U.S.C. § 12112.

**ANSWER: Denied.**

## PRAYER FOR RELIEF

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it engaged in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNT II**
**(ADA Retaliation Claim)**

23. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-22.**

24. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of ADA discrimination, Defendant has engaged in unlawful employment discrimination in violation of 42 U.S.C. § 12203.

**ANSWER: Denied.**

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it denied in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNT III**
**(PDCRA Discrimination Claim)**

25. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-24.**

26. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's perceived disabilities (weight and foot condition), Defendant has engaged in unlawful employment discrimination in violation of M.C.L. § 37.1202.

**ANSWER: Denied.**

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it engaged in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNT IV**
**(PDCRA Retaliation Claim)**

27. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-26.**

28. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of PDCRA discrimination, Defendant has engaged in unlawful employment discrimination in violation of M.C.L. § 37.1602.

**ANSWER: Denied.**

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it engaged in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNT V**
**(ELCRA Discrimination Claim)**

29. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-28.**

30. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's weight, Defendant has engaged in unlawful employment discrimination in violation of M.C.L. § 37.2202.

**ANSWER: Denied.**

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it engaged in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNT VI**
**(ELCRA Retaliation Claim)**

31. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-30.**

32. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff complaining of ELCRA discrimination, Defendant has engaged in unlawful employment discrimination in violation of M.C.L. § 37.2701.

**ANSWER: Denied.**

**PRAYER FOR RELIEF**

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

F. Award Plaintiff costs of this action.

**ANSWER: A.-F. Defendant denies that it engaged in illegal discrimination or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which it shows itself entitled.

**COUNTY VII**
**(FMLA Claim)**

33. Plaintiff repeats the preceding allegations.

**ANSWER: Defendant incorporates by reference its answers to paragraphs 1-32.**

34. To the extent the adverse employment actions identified in paragraphs 14, 15, 17 and 18 were motivated by Plaintiff's exercise of her right to take a job protected FMLA leave, Defendant has engaged in unlawful employment discrimination and/or retaliation in violation of Section 105(a)(2) of the FMLA, 29 U.S.C. § 2615(a)(2).

**ANSWER: Denied.**

## PRAYER FOR RELIEF

Wherefore Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole, by providing appropriate attorney fees resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

B. Order Defendant to make Plaintiff whole, by providing compensation for past and future pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

C. Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the adverse employment actions alleged above with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to pay Plaintiff punitive damages for its malicious or reckless conduct described above, in amounts to be proven at trial.

E. Grant such further relief as the Court deems necessary and proper.

**ANSWER: A.-E. Defendant denies that it engaged in illegal discrimination or retaliation or that plaintiff is entitled to relief.**

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its attorneys fees and costs and such other relief to which defendant shows itself entitled.

## SPECIAL AND AFFIRMATIVE DEFENSES

Defendant through its attorneys Bodman LLP asserts the following Special and Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. If supported by the facts, defendant will assert that plaintiff's claims are barred in whole or in part by the applicable period of limitations.

3. If supported by the facts, defendant will assert that plaintiff failed to mitigate her damages, if any.

4. Plaintiff's employment ended for legitimate, nondiscriminatory, non-retaliatory reasons unrelated to disability, weight, FMLA leave or retaliation.

5. If supported by the facts, defendant will assert that plaintiff failed to obtain and/or retain another position in whole or in part due to her own conduct.

6. If supported by the facts, defendant will assert that plaintiff was not a qualified person with a disability.

7. If supported by the facts, defendant will assert that plaintiff did not have an impairment that substantially limited a major life activity.

8. If supported by the facts, defendant will assert that it was unaware that plaintiff had an impairment that substantially limited a major life activity.

9. If supported by the facts, defendant will assert that defendant had no knowledge of any record of disability by plaintiff.

10. If supported by the facts, defendant will assert that it did not perceive plaintiff as having an impairment that substantially limited a major life activity.

11. If supported by the facts, defendant will assert that plaintiff's claims are barred in whole or in part by waiver, estoppel and/or laches.

12. Plaintiff was employed at will and defendant was entitled to end her employment at any time with or without cause.

13. If supported by the facts, defendant will assert that plaintiff failed to assert all claims arising out of this transaction or occurrence.

14. Defendant had a procedure for reports of alleged discrimination that plaintiff failed to use.

15. Defendant may assert additional defenses which become known through discovery.

WHEREFORE, defendant requests that this action be dismissed and that defendant be awarded its costs, attorneys fees and such further relief to which defendant shows itself entitled.

BODMAN LLP

By: /s/ Karen L. Piper
Karen L. Piper (P31706)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6025
Attorneys for Defendant
kpiper@bodmanllp.com

September 23, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Richard N. LaFlamme.

BODMAN LLP

By: /s/ Karen L. Piper
Karen L. Piper (P31706)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
248-743-6025
Attorneys for Defendants
kpiper@bodmanllp.com

September 23, 2010