**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ROBIN ALDRICH,
Plaintiff,
v.

BOYSVILLE OF MICHIGAN, INC., a Michigan corporation, doing business as HOLY CROSS CHILDREN'S SERVICES,

Defendant.
_______________________________________/

Case No.: 2:10-cv-13515-MAG-MKM

Hon. Mark A. Goldsmith

Richard N. LaFlamme P32641
LaFlamme & Mauldin, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net

Karen L. Piper (P31706)
Bodman LLP
Attorneys for Defendant
Suite 500
201 W. Big Beaver Road
Troy, Michigan 48084
(248)743-6002
kpiper@bodmanllp.com
_______________________________________/

**JOINT DISCOVERY PLAN**

The parties, by counsel, submit this Joint Discovery Plan.

Nature of the Case

1. Plaintiff's position

Plaintiff seeks damages arising from the termination of her employment by Defendant and alleges theories of discrimination and retaliation under the ADA, FMLA, the Michigan Persons with Disabilities Act and the Michigan Civil Rights Act.

2. Defendant's Position

Holy Cross Children's Services (HCCS) is a Catholic-oriented, nonprofit child care and family preservation agency whose headquarters are in Clinton, Michigan. HCCS conducts

residential and community-based programs throughout the State of Michigan. Its purpose is to serve the needs of Michigan families and children. Holy Cross Children's Services provides a full continuum of services intended to address the needs of children and families. Many of its services are funded through state contracts. HCCS operates several licensed child care organizations.

Plaintiff, Robin Aldrich, worked in the Information System Department at HCCS's Clinton campus. Plaintiff's job was to evaluate the computer training needs of the agency; design and develop training classes; track training; manage user security agreements; provide advanced help desk support and act as assistant IS manager.

Plaintiff was one of approximately 48 employees laid off between October 1, 2008 and December 31, 2008 in a reduction in force. Other positions in Administration that were eliminated include: payroll clerk, accounting clerk, HR specialist, IS support technician, financial analyst and accounting clerk.

Plaintiff was notified of her layoff on October 21, 2008. She was paid two weeks' pay in lieu of notice to extend her termination date to November 4, 2008. She then used her All Purpose Leave to extend her termination date through November 28, 2008.

Plaintiff was working on her Masters degree in social work at the time of her layoff. The Clinton campus Division Manager, Rick Kruse, knew this and requested and obtained a variation in the State of Michigan licensing requirements to permit Plaintiff to work as a family worker for a residential group on campus. The variation was approved and Plaintiff was offered work with HCCS' Clinton campus Ford Group. She declined the offer.

Plaintiff also was offered and accepted a Treatment Specialist position on a temporary/on-call basis in November, 2008. Plaintiff was required to complete 40 hours of

training. Plaintiff did not complete training because she was not available. As a result, she was not eligible to work available shifts as a Treatment Specialist.

After three months of not completing the required training, Plaintiff's employment ended on February 6, 2009.

Plaintiff was supervised by the same manager and director for nine years. These supervisors, who selected Plaintiff for layoff among the IT staff were unaware of any foot condition until Plaintiff requested and was granted an 11-week FMLA leave of absence for bunion surgery in May 2008. Plaintiff returned to work with no restrictions in August 2008. Plaintiff did not indicate that she needed time off for further surgery or any other accommodation. Plaintiff was overweight throughout her employment.

Defendant has no information that Plaintiff believed that the CFO made derogatory comments about her weight or that he disliked her because of her weight. He denies both. Plaintiff never complained to anyone about these issues through Defendant's procedures for reporting same. Defendant denies any discrimination or retaliation.

Proposed Discovery Plan

1. Fed.R.Civ.P. 26(a)(1) disclosures shall be made by Plaintiff and Defendant by January 7, 2010.

2. Discovery is needed on all aspects of Plaintiff's claims and Defendant's defenses, and need not be conducted in phases or limited or focused on particular issues.

3. Discovery of electronically stored information shall be in accordance with Fed.R.Civ.P. 34.

4. There are no unusual issues anticipated with respect to claims of privilege or of protection of trial preparation materials.

5. The parties will abide by the limitations on discovery contained in the Federal Rules of Civil Procedure and in Local Rules.

6. Discovery should be concluded by June 22, 2010.

7. Defendant may amend its affirmative defenses by January 7, 2011.

8. The parties recommend that this case be submitted to facilitative mediation to be conducted by a Magistrate Judge no later than 30 days after discovery is completed.

Date: December 16, 2008

/S/ Richard N. LaFlamme

Richard N. LaFlamme P32641
LAFLAMME & MAULDIN, P.C.
Attorneys for Plaintiff
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net

Date: December 16, 2008

/S/ Karen L. Piper

Karen L. Piper
Bodman LLP
Attorneys for Defendant
Suite 500
201 W. Big Beaver Road
Troy, Michigan 48084
(248)743-6002
kpiper@bodmanllp.com