# Exhibit 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBIN ALDRICH,

Plaintiff,

v.

Case No.: 2:10-cv-13515-MAG-MKM

Hon. Mark A. Goldsmith

BOYSVILLE OF MICHIGAN, INC., a Michigan corporation, doing business as HOLY CROSS CHILDREN'S SERVICES,

Defendant.

---

LaFLAMME & MAULDIN, P.C.
By: Richard N. LaFlamme P32641
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net
Attorneys for Plaintiff

BODMAN PLC
By: Karen Piper
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6025
kipper@bodmanlaw.com
Attorneys for Defendant

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

Defendant Boysville of Michigan d/b/a Holy Cross Children's Services by its attorneys, BODMAN PLC, in response to Plaintiff's First Interrogatories and Request for Production of Documents says as follows.

**GENERAL OBJECTIONS**

The following general objections apply to each of plaintiff's interrogatories and document requests and shall have the same force and effect as if set forth in full in response to each individual document request. Without waiving these objections, Defendant has responded to plaintiff's requests as best it can.

1. Defendant objects to each individual interrogatory and document request to the extent that such request seeks to impose upon Defendant obligations in excess of those mandated by the Court Rules.

2. Defendant objects to each individual interrogatory and document request to the extent that such request seeks the production of documents and information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege.

3. Defendant objects to each individual interrogatory and document request to the extent that such request seeks the production of documents and information which contain confidential or proprietary information in the absence of a protective order that will adequately protect the privacy interests of Defendant and their coworkers and clients.

4. Defendant objects to each individual interrogatory and document request to the extent that such request seeks documents and information which are already in plaintiff's possession, custody or control or are outside Defendant's possession, custody or control.

5. Defendant objects to each individual interrogatory and document request to the extent that such request seeks documents and information that are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly burdensome, vague or ambiguous, or is duplicative of another request.

6. Defendant objects to each individual interrogatory and document request to the extent such request is unlimited as to time.

**OBJECTIONS TO DEFINITIONS**

Defendant objects to each individual "Definition" to the extent that such definition seeks to impose upon defendant obligations in excess of those mandated by the Court Rules.

**RESERVATION OF RIGHTS**

Any production of documents by Defendant in response to a document request is subject to Defendant's right to object to the admission into evidence of any and all such documents on the grounds that they, or any of them, are irrelevant to the issues in this action or are otherwise inadmissible. The responses and objections are based on Defendant's present knowledge, information and belief, as derived from: (a) the knowledge and information of present employees of Defendant gained in their capacity as such; and (b) the review of files maintained by Defendant which would be likely to contain the documents called for by the interrogatories and document requests. The responses and objections are subject to amendment should Defendant acquire additional information. The inadvertent production of documents which are non-responsive or privileged, shall not be deemed to waive the privilege or to constitute an acknowledgment that the documents (or category of documents to which they belong) are called for by the interrogatories and requests for documents, and Defendant reserves the right to recall material produced through inadvertence.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION**

Subject to the General Objections, and expressly reserving same, Defendant responds to the requests as follows:

1. Please identify the person answering these interrogatories and each person from whom information was obtained to assist in answering these interrogatories, and state the specific information obtained from each person identified.

<u>ANSWER</u>: **Alyson Beck – all**

2. Please state the rate of compensation provided to Plaintiff at the time of her discharge, the date and amount of each increase she would have received thereafter had she not been discharged, and identify all documents from which such information was gleaned.

<u>ANSWER</u>: **Rate at discharge: $21.64 per hour. No subsequent increases. On April 17, 2010 all co-workers took a 5% pay cut. Plaintiff's rate would have been reduced to $20.56 per hour. See plaintiff's personnel file produced previously and attached memo.**

3. Please state the rate of compensation provided to the person or persons who assumed Plaintiff's duties at the time of her discharge, the date and amount of each increase in compensation since, and identify all documents from which such information was gleaned.

<u>ANSWER</u>: **Plaintiff's duties were absorbed by remaining IS staff as follows:**

**A. Advanced CIS support has been provided by:**

**1. Eileen Parker, IS Software Systems Mgr. (No increase for additional duties; reduced by 5% on 4/17/2010)**

**2. Kathy Pixley, IS Director (No increase for additional duties; reduced by 5% on 4/17/2010; increased by 12% due to elimination of IT Manager position from budget on 2/21/11).**

**B. On-line IS training courses (CIS Training, Computer Orientation, HCCS Email Training and JAIS Training) was developed by Eileen Parker (same as above) and has been available to workers.**

**C. Transfer of treatment plans to JJOLT has been automated, but was initially done by:**

**1. Eileen Parker (same as above)**

**2. Kathy Pixley (same as above)**

4. Please identify each fringe benefit provided to Plaintiff at the time of her discharge, state for each benefit the monthly cost of the benefit to Defendant, the date and amount of each increase in such cost from the date of Plaintiff's discharge to the date of your response, and identify all documents from which such information was gleaned.

**ANSWER**:

| Benefit | HCCS Cost/Mo 11/2008 | HCCS Cost/Mo 2009 | HCCS Cost/Mo 2010 | HCCS Cost/Mo 2011 |
|---|---|---|---|---|
| Dental | 48.00 | 49.00 | 49.00 | 42.68 |
| Health | 1186.86 | 1428.66 | 1290.05 | 1281.82 |
| Life/ADD | 27.30 | 27.30 | 27.30 | 12.74 |
| Pension | 6.6% of earnings | 6.6% of earnings | 6.6% of earnings | Pension stopped 4/11 |
| STD | 27.14 | 27.14 | 27.14 | 15.57 |
| LTD | 19.13 | 19.13 | 19.13 | 12.00 |
| All Purpose Leave | 30 days per year | 25 days per year | 25 days per year | 25 days per year |

5. Please state the factual basis for every affirmative defense raised by Defendant in its answer and identify all documents relied upon to support each defense?

**ANSWER**:

| Affirmative Defense | Factual Basis | Documents |
|---|---|---|
| 1. | Plaintiff has adduced no facts to support her claims. | None |
| 2. | Plaintiff agreed to a shortened limitations period in her job application and handbook receipt. | Plaintiff's personnel file |
| 3. | Plaintiff fully mitigated her losses if any. | Subsequent employer files |
| 4. | Plaintiff's job was eliminated in a reduction in force. | Plaintiff's personnel file |
| 5. | Plaintiff did not accept proffered hours as TOC nor apply for other openings. | Plaintiff's personnel file |
| 6. | Plaintiff has no medical conditions meeting the definition of a disability. | None |
| 7. | Plaintiff has offered no facts to support an impairment that substantially limited a major life activity. | None |
| 8. | Plaintiff has offered no facts that defendant knew she was substantially limited. | None |
| 9. | Plaintiff has offered no facts that defendant knew of a record of disability. | None |
| 10. | Plaintiff has offered no facts that defendant perceived her as having a substantially limiting impairment. | None |
| 11. | Plaintiff failed to apply for open positions. | None |
| 12. | Plaintiff signed various documents so stating | Plaintiff's personnel file |

| | | |
|---|---|---|
| 13. | Plaintiff's lawsuit omitted claims asserted in her civil rights complaint. | See MDCR file |
| 14. | See Defendant's co-worker handbook. | Employee handbook |

## Requests for Production of Documents

Please produce for inspection and copying the following documents:

1. All documents identified in your answers to the above interrogatories.

**ANSWER**: **See documents produced electronically concurrently herewith.**

2. The summary plan description for each fringe benefit referred to in your answer to interrogatory 4.

**ANSWER**: **See documents produced electronically concurrently herewith.**

3. All statements obtained by Defendant from persons thought by Defendant to have knowledge of any fact relating to the subject matter of Plaintiff's claims or Defendant's defenses in this action.

**ANSWER**: **No formal statements. See documents already produced and those produced concurrently herewith.**

4. All documents containing communications to or from Loren P. Brown pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **See documents produced electronically concurrently herewith.**

5. All documents containing communications to or from William Geddes pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **Defendants have not located and are not aware of any responsive documents.**

6. All documents containing communications to or from Eileen Parker pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **Defendants have not located and are not aware of any responsive documents.**

7. All documents containing communications to or from John Lemmer pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **Defendants have not located and are not aware of any responsive documents.**

8. All documents containing communications to or from Alyson Beck pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **See documents produced electronically concurrently herewith.**

9. All documents containing communications to or from Kathy Pixley pertaining in any way to Plaintiff's FMLA absences, her selection for layoff/termination, or her possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **Defendants have not located and are not aware of any responsive documents.**

10. All documents pertaining in any way to Defendant's plan to reduce its workforce which allegedly resulted in Plaintiff's layoff/termination, including criteria used to select persons for layoff or positions for elimination.

**ANSWER**: **See documents produced electronically concurrently herewith.**

11. All documents containing communications to or from Richard Kruse pertaining in any way to Plaintiff's possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **See documents produced electronically concurrently herewith**

12. All documents pertaining in any way to Plaintiff's possible placement in another position with Defendant following her layoff/termination.

**ANSWER**: **See Plaintiff's personnel file and documents produced concurrently herewith.**

13. All documents prepared by Plaintiff containing the word "log" in their title that were stored by Plaintiff on the network drive used by Plaintiff during her employment with Defendant.

**ANSWER**: **See documents produced electronically concurrently herewith.**

14. Please identify and produce all documents upon which you presently rely or intend to rely at trial to support your defenses to Plaintiff's Complaint.

**ANSWER**: **See documents produced electronically concurrently herewith.**

BODMAN PLC

By: ______________________________
Karen Piper (P31706)
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6025
kipper@bodmanlaw.com
Attorneys for Defendant

July 6, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBIN ALDRICH,

Plaintiff,

v.

BOYSVILLE OF MICHIGAN, INC., a Michigan corporation, doing business as HOLY CROSS CHILDREN'S SERVICES,

Defendant.

Case No.: 2:10-cv-13515-MAG-MKM

Hon. Mark A. Goldsmith

---

LaFLAMME & MAULDIN, P.C.
By: Richard N. LaFlamme P32641
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net
Attorneys for Plaintiff

BODMAN PLC
By: Karen Piper
201 W. Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6025
kipper@bodmanlaw.com
Attorneys for Defendant

---

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2011, I served a copy of DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS and this CERTIFICATE OF SERVICE by first class mail and by email upon:

LaFLAMME & MAULDIN, P.C.
By: Richard N. LaFlamme P32641
2540 Spring Arbor Road
Jackson, Michigan 49203
(517) 784-9122
rlaflamme@lm-law.net

____________________________
JoAnn D. Brookshire