# Exhibit 30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

Civil Action No.
09-CV-13851

vs.

HON. MARK A. GOLDSMITH

P.A.M. TRANSPORT, INC.,

Defendant.
_______________________________/

**OPINION AND ORDER**
**(1) ACCEPTING AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS,**
**(3) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS,**
**(4) OVERRULING DEFENDANT'S OBJECTIONS, and**
**(5) DISMISSING PLAINTIFF'S UNLAWFUL SEPARATION CLAIM WITHOUT PREJUDICE**

This case is filed under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq. Exercising its power under 42 U.S.C. §§ 12117(a) and 2000e-5 to prevent unlawful discrimination based on disability, Plaintiff Equal Employment Opportunity Commission ("EEOC") has brought the present action asserting claims against Defendant P.A.M. Transport, Inc., an interstate trucking company, on behalf of a HIV-positive former truck driver of Defendant, who is referred to in this litigation by the pseudonym "Doe."[1] The EEOC advances two claims in its Complaint; first, it alleges that Doe was subjected to disability-related inquiries in violation of

[1] The case is also brought on behalf of other truck drivers who were allegedly aggrieved by Defendant in the same manner as Doe. The references to "Doe" herein encompass the other aggrieved drivers, as well.

the ADA. See 42 U.S.C. § 12112(d)(4)(A) ("a covered entity shall not conduct a medical examination or make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability"). Second, the EEOC alleges that Doe was impermissibly prohibited from returning to work based on medical information that he produced as a result of the allegedly unlawful inquiries. See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment").[2]

Now before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael J. Hluchaniuk, issued on May 10, 2011 (Dkt. 67), to whom this Court referred Defendant's motion for summary judgment (Dkt. 43). The Magistrate Judge recommends that Defendant's motion for summary judgment be granted, and that this matter be dismissed without prejudice on exhaustion grounds.[3] Both parties have filed objections to the R&R (Dkts. 68 and 70) and responses (Dkts. 71 and 72). Moreover, the Court requested (Dkt. 74) and received (Dkts. 77 and 78) supplemental briefing from the parties. The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Having done so, the Court concludes that dismissal of Plaintiff' unlawful separation claim is proper on exhaustion grounds, but that Plaintiff's impermissible inquiry claim is not subject to an

---

[2] The Court hereinafter refers to the EEOC's claim under 42 U.S.C. § 12112(d)(4)(A) as its "impermissible inquiry" claim, and its claim pursuant to 42 U.S.C. § 12112(a) as its "unlawful separation" claim.

[3] Neither the Magistrate Judge in his R&R, nor the parties in their respective briefs, address the EEOC's two claims separately. Rather, the parties – up until the recent filing of the EEOC's objections – discuss the two claims together, with Defendant arguing, without separate analysis, that the two claims are both subject to dismissal on exhaustion grounds.

administrative review process and therefore must proceed in this Court.

In its motion for summary judgment, Defendant argues, among other things, that the case should be dismissed because the EEOC improperly filed this action before Doe exhausted his administrative remedies under regulations issued by the United States Department of Transportation ("DOT"). See 49 C.F.R. § 391.47 (providing appeals procedure for instances of "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications"). The EEOC argued, among other things, that the action should proceed because (i) it is not bound by § 391.47's exhaustion requirement, and (ii) in any event, the exhaustion requirement is inapplicable because Doe was not entitled to avail himself of the procedures set forth in § 391.47 for resolving disagreements among physicians.

Congress has delegated to the Secretary of Transportation the authority to prescribe driver qualifications. See 49 U.S.C. § 30111(a). The Secretary's authority in this regard, in turn, has been delegated to the Federal Motor Carrier Safety Administration ("FMCSA"). See 49 C.F.R. § 1.73. Under the regulations promulgated by the FMCSA, a person "shall not drive a commercial motor vehicle" without a "medical examiner's certificate that [the person] is physically qualified." 49 C.F.R. § 391.41(a). Specifically, "the medical examiner is required to certify that the driver does not have any physical, mental, or organic condition that might affect the driver's ability to operate a commercial motor vehicle safely." 49 C.F.R. § 391.43(f). And, most importantly in this case, DOT regulations provide appeal procedures for instances of "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2).[4]

---

[4] The driver can seek a formal opinion from the Director of the Office of Bus and Truck Standards and Operations and, within sixty days of the Director's determination, appeal the decision to the

With regard to the EEOC's first argument – that it is not bound by § 391.47's exhaustion requirement – it is not disputed that an employee who brings a discrimination claim on his or her own behalf under the ADA must first exhaust his or her administrative remedies pursuant to § 391.47, where the case involves "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." See Reiter v. Cooper, 507 U.S. 258, 269 (1993) ("Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts"). However, in the briefs filed prior to issuance of the R&R, the parties did disagree on whether the exhaustion requirement applies when the EEOC opts to bring an ADA claim on behalf of an aggrieved employee.

In his R&R, the Magistrate Judge undertook an extremely thorough, well-reasoned, and thoughtful analysis of this issue, and concluded that the EEOC, in pursuing a claim on behalf of an individual, cannot avoid DOT's regulation requiring exhaustion of administrative remedies. Having thoroughly reviewed the R&R and the authorities cited therein, the Court agrees with the Magistrate Judge's analysis and conclusion and now accepts and adopts them as the findings and conclusions of the Court. Notably, the EEOC does not specifically object to the Magistrate Judge's conclusion that it may not bypass § 391.47's exhaustion requirement when it brings an ADA claim on behalf of an aggrieved employee. Thus, the EEOC has waived any further argument on this issue. Thomas v. Arn, 474 U.S. 140, 155 (1985).

With regard to the EEOC's second argument, the EEOC contends that Doe was not entitled to avail himself of the procedures governing disagreements between the physician for the company and the physician for the driver because, first, Doe already had a valid medical certificate and,

---

Assistant Administrator. 49 C.F.R. §§ 391.47(b)(2), 386.13(a).

second, because the physician for Defendant never examined Doe – but rather conducted only a paper review of his file – before opining that he should not be cleared to drive. The Magistrate Judge rejected these arguments, as well. With regard to the argument that Doe could not avail himself of the procedures set forth in § 391.47 because he already had a valid medical certificate allowing him to drive, the Magistrate Judge concluded that

> Section 391.47 merely requires there to be a disagreement between the physician for the employee and the physician for the company. There is nothing in this provision suggesting that an aggrieved employee may not file a claim under this provision if he has a validly issued medical certificate.

R&R at 21. With regard to the argument that Doe could not avail himself of the procedures set forth in § 391.47 because Defendant's physician failed to conduct a physical examination of Doe, the Magistrate Judge concluded that

> there is nothing in th[e] regulation suggesting that if the company's physician does not perform a physical examination, somehow the dispute is disqualified from the scope of this required procedure. If the DOT finds that the failure of the company to perform a physical examination, as opposed to a records review, is insufficient under the regulations, then the DOT should be given the opportunity to make such a determination as part of its review on the merits of plaintiff's claim. The detailed process set forth above in § 391.47 is clearly designed to force the parties to submit all pertinent evidence, to make a complete administrative record, and to allow the DOT (the agency with expertise on the subject matter) to make a decision on the merits.

R&R at 21-22. The Court agrees with both of the Magistrate Judge's conclusions, and now accepts and adopts them as the findings and conclusions of the Court.[5]

---

[5] Two additional observations are appropriate here. First, the EEOC's arguments (that a driver may not file an appeal under § 391.47 if (i) he or she already possesses a medical certificate, or (ii) is not physically examined by each of the rival physicians) are undercut by the Eighth Circuit's decision in Harris v. P.A.M. Transport, Inc., 339 F.3d 635 (8th Cir. 2003), an ADA case in which a truck driver claimed that his employer violated 42 U.S.C. § 12112(d) (prohibiting medical inquiries) when it requested and reviewed the driver's medical documents. Despite the fact that the truck driver in Harris (i) had already secured a valid medical examiner's certificate pursuant to 49 C.F.R. § 391.41(a), id. at 636-637, and (ii) was not physically examined by the company's

The EEOC advances three objections to the Magistrate Judge's R&R. In its first objection, the EEOC argues that its impermissible inquiry claim should proceed – even if the unlawful separation claim is dismissed – because Defendant has not sought dismissal of the impermissible inquiry claim in its motion, and there is no legal basis supporting dismissal of that claim. In its second objection, the EEOC repeats its argument – made previously in its motion papers and rejected by the Magistrate Judge – that Doe is not entitled to avail himself of the administrative review process pursuant to § 391.47 because there is no "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." Finally, in its third objection, the EEOC contends that the R&R should be rejected because it contains factual misstatements.

The Court overrules the EEOC's second objection for the reasons stated by the Magistrate Judge, see R&R at 17-22, and for the reasons stated by this Court above. The Court also overrules the EEOC's third objection. Although the EEOC asserts that the R&R "is rife with misstatements of fact," Pl.'s Objections at 8, the EEOC does not contend, or explain why, any of the purported factual misstatements are material. After review, the Court does not believe that any of the alleged factual inaccuracies are material with regard to the issues presented in the present motion.

---

physician, who apparently only "reviewed [the truck driver's] records," id. at 637, the Eighth Circuit held that exhaustion pursuant to § 391.47 was required. While the Court acknowledges that Harris did not explicitly discuss whether the driver in that case – who had a valid medical certificate and who was not physically examined by the company's physician – could avail himself of the procedures set forth in § 391.47, that these facts do not preclude dismissal on exhaustion grounds is implicit in the Harris court's holding.

Second, the position of the EEOC's expert, Fritz Kahn – who opines that administrative relief pursuant to § 391.47 is unavailable to a driver who is not physically examined by both physicians, see Decl. of Fritz Kahn ¶ 21 – is neither binding on, nor helpful to, the Court. See Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (6th Cir. 1996) ("Expert testimony is not proper for issues of law.").

The EEOC's first objection, however, is well-taken. As noted, DOT regulations provide administrative appeal procedures for instances of "disagreement between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2). The EEOC's unlawful separation claim is subject to § 391.47's exhaustion framework because that claim requires the EEOC to prove Doe's fitness for duty as a truck driver. See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability" (emphasis added)); Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1178 (6th Cir. 1996) (to establish a prima facie case of disability discrimination under the ADA, a plaintiff must establish, among other things, that – notwithstanding a disability – he or she is "otherwise qualified" to perform the job requirements). The EEOC could not show that Doe was "otherwise qualified" to drive a truck unless it showed that he satisfied DOT's fitness requirements, a determination that unquestionably falls within the administrative framework of § 391.47. Thus, the unlawful separation claim cannot proceed unexhausted. See Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 638 (8th Cir. 2003).

There has been no showing, however, that the same is true of the EEOC's impermissible inquiry claim. Defendant claims that "administrative remedies under § 391.47 [must be exhausted] before any action could be taken under the ADA," Def.'s Resp. to Objections at 4 (emphasis in original); however, Defendant has not offered any authority in support of that position. Put differently, Defendant has not pointed to any authority demonstrating that impermissible inquiry claims under § 12112(d)(4)(A) are subject to the administrative exhaustion framework of § 391.47. That framework is meant to resolve "disagreement[s] between the physician for the driver and the physician for the motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2). Whether a carrier can make medical inquiries is

simply not a disagreement concerning "driver qualifications"; rather, it is a legal issue concerning the interplay between the regulations promulgated by DOT and the ADA. Thus, there is no administrative procedure to exhaust with regard to the impermissible inquiry claim. For these reasons, the Court concludes that the EEOC's impermissible inquiry claim is not subject to DOT's exhaustion framework, and that the claim may properly proceed in a judicial forum.

Finally, Defendant asserts two objections to the R&R. The first objection – involving an inaccurate date contained in the R&R – is entirely immaterial. In its second objection, Defendant contends that the case should be dismissed with prejudice, and not without prejudice as the Magistrate Judge recommends. Defendant argues that the case should be dismissed with prejudice because the opportunity for the EEOC to commence an administrative appeal has expired, thereby effectively ending this litigation. In support, Defendant cites cases for the purported proposition that a case dismissed on exhaustion grounds may be dismissed with prejudice where return to the administrative process would be unsuccessful for failure to comply with a limitations period. After review, the Court finds that none of the cited cases require or even authorize the conclusion that the this case be dismissed with prejudice in light of the fact that the Court has not has not been tasked with determining, nor has even heard any substantive argument relating to, whether administrative review will be precluded. The general rule is that dismissals based on failure to exhaust administrative remedies are without prejudice. See Local Union 369, Int'l Bhd. of Elec. Workers, AFL-CIO v. ADT Sec. Servs., Inc., 393 F. App'x 290, 294 (6th Cir. 2010). In fact, in Local Union 369, the Sixth Circuit held that the dismissal in that case should have been without prejudice despite the fact that "the distinction of with or without prejudice [was] of no practical import . . . since the time period within which a grievance could be filed expired

long ago." Id. at 294-295. Defendant's objections to the R&R will be overruled.[6]

For the reasons discussed above, it is ORDERED as follows:

(1) The Magistrate Judge's R&R (Dkt. 67) dated May 10, 2011 is accepted and adopted in part as the findings and conclusions of the Court.

(2) The EEOC's objections (Dkt. 70) are sustained in part and overruled in part as follows: its first objection is sustained; the remaining objections are overruled.

(3) Defendant's objections (Dkt. 68) are overruled.

(4) Defendant's motion for summary judgment (Dkt. 43) is granted in part and denied in part as follows: denied as to the EEOC's impermissible inquiry claim; granted on exhaustion grounds as to the EEOC's unlawful separation claim.

(5) The EEOC's unlawful separation claim is dismissed without prejudice to its right to re-file the claim after exhaustion of administrative remedies. This matter shall proceed on the EEOC's impermissible inquiry claim only.

Dated: September 7, 2011
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

---

[6] In its motion for summary judgment, Defendant argued that the case should be dismissed on conciliation grounds. The Magistrate Judge, in his R&R, did not consider this argument because he found persuasive Defendant's alternative argument relating to exhaustion. See R&R at 22 n.7. If Defendant still wishes to pursue its conciliation argument in light of this Opinion and Order, it may do so by filing a renewed motion requesting relief on that basis within 14 days of today's date.